ATCHISON, T. & S. F. RY. CO. v. STATE *et al.*

No. 671.   Opinion Filed September 14, 1909.

(104 Pac. 908.)

**RAILROADS—Private   Facilities—Switches—Difference   in   Location.**
Section 18, art. 9, of the Constitution (Bunn's Ed. sec 222), does
not require transportation or transmission companies at their own
expense to provide such equal facilities and conveniences between
private persons or corporations as to overcome or equalize disad-
vantages caused by dissimilarity of location.

(Syllabus by the court.)

*Appeal from State Corporation Commission.*

From an order of the Railroad Commission, requiring the
Atchison, Topeka & Santa Fe Railway Company to construct a
private switch to the mill of J. B. Davis, the railway company
appeals.   Reversed.

*Cottingham & Bledsoe,* for plaintiff in error.

KANE, C. J.   This is an appeal from an order of the Corpora-
tion Commission of the state directing the plaintiff in error to
construct a private switch to the flouring mill of J. B. Davis, at
Gage, Okla., Mr. Davis being required to pay for so much of the
switch as was off the right of way of the company.   The fact,
as found by the commission, are to the effect that the Davis mill
and elevator are located a short distance off the defendant's
right of way; that the defendant permitted other elevators to
build on its right of way and adjoining its house track; that by
reason of the location of the other elevator they have an ad-
vantage over complainant in loading and unloading commodities
of from $10 to $15 a car, and by extending the use of its grounds
and facilities to other elevators it thereby discriminated against
the complainant.

It will appear from the foregoing that the law question in-
volved in this case is identical with one of the questions decided

by this court in the case of *C., R. I. & P. Ry. Co. v. State et al.*, 23 Okla. 94, 99 Pac. 901. In that case it was held that "section 18, art. 9, of the Constitution (Bunn's Ed. § 222), does not require transportation or transmission companies at their own expense to provide such equal facilities and conveniences between private persons or corporations as to overcome or equalize disadvantages caused by dissimilarity of location." It was further held that "private persons or corporations desiring the construction of side tracks to accommodate their particular industries should proceed under Const. art. 9, § 33 (Bunn's Ed. § 246), requiring such persons or corporations to pay the expense of such construction, and not under section 18 (Bunn's Ed. § 222), relating to the establishment of public service facilities and conveniences." The foregoing case seems to be in point, and as counsel for the Corporation Commission has not briefed the case at bar, or thrown any new light upon the question involved, we are constrained to adhere to the rule therein laid down.

The order of the Corporation Commission is accordingly reversed, and the case remanded, with direction to set aside the same.

All the Justices concur.