## ST. LOUIS & S. F. R. CO. v. STATE *et al.*

No. 819.   Opinion Filed November 16, 1910.

**RAILROADS—Side Tracks—Powers of Corporation Commission.** It is beyond the police power of a state to compel a railway company to put in switches at its own expense on the application of the owners of any elevator erected within a specified limit, and sec. 18 of art. 9 of the Constitution does not attempt to confer such power upon the Corporation Commission.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Action by the State and Charles Cottar against the St. Louis & S. F. R. Co. From an order in favor of plaintiff, defendant appeals. Reversed.

*W. F. Evans, E. T. Miller,* and *R. A. Kleinschmidt,* for plaintiff in error.

*Geo. A Henshaw,* Assistant Attorney General, for defendants in error.

KANE, J.   This proceeding was commenced to review an order of the Corporation Commission requiring the plaintiff in error to extend track privileges to the complainant elevator, situated on the right of way of the railway company. The Corporation Commission based its order upon the finding that the complainant was discriminated against by the railway company in not being granted the same privileges on the right of way of the com-

pany adjoining its switch track as were granted to certain other elevators already located thereon, and the purpose of the order was to put the parties upon an equal footing. The order required the railway company to pay for extending switch facilities to the complainant's elevator, with the exception that the complainant was to pay for the cross-ties and grading. It is claimed by counsel for the Corporation Commission that the authority to make such an order is conferred upon the commission by section 18 of article 9 of the Constitution, governing unjust or unreasonable discrimination.

In *C., R. I. & P. Ry. Co. v. State et al.*, 23 Okla. 94, this court had occasion to examine a question similar to the one presented by the record in the instant case. In that case the complainant sought to require the railway company to build a side track to its place of business, after being refused a location upon its right of way, in order to give it equal facilities with others engaged in said business who were permitted by the railway company to use the right of way. It was held that, "The fact that a railroad permitted the location of an elevator, maintained by a private corporation, on the industrial track on the right of way, does not render its refusal to construct, at its own expense, a side track to a competing elevator, located off the right of way, an unlawful discrimination within Const., art. 9, sec. 18." The foregoing case was followed in *A., T. & S. F. Ry. Co. v. State et al.*, 24 Okla. 616.

Since handing down the opinions in those cases the Supreme Court of the United States, in *Mo. Pac. Ry. Co. v. State of Nebraska*, 217 U. S. 196, has passed upon the power of the state of Nebraska to compel a railroad company to put in switches at its own expense, on the application of owners of elevators erected within a specified limit, under a statute which by its terms required them to do so. In that case it was held:

"It is beyond the police power of a state to compel a railroad company to put in switches at its own expense on the application of the owners of any elevator erected within a specified limit. It amounts to deprivation of property without due process of law; and so held as to the applications for such switches made

by elevator companies in these cases under the statute of Nebraska requiring such switch connections."

The question involved in the instant case has been passed upon several times by this court, and, now that its decision thereon has been followed by the Supreme Court of the United States, we trust that the Corporation Commission will no longer consider it an open one, and will follow the rule laid down in the foregoing cases in cases of that class that may hereafter come before it. The order of the Corporation Commission is reversed.

All the Justices concur.